IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ALDO ORTEGA, | ) |
| #M27539, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-01091-MJR |
| | ) |
| CONNIE HALLIDAY, | ) |
| DAVID RAINS, | ) |
| RANDY MOSS, | ) |
| CRAIG FINDLEY, | ) |
| JOHN BALDWIN, and | ) |
| BRITNEY HUDLESTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Now before the Court are Plaintiff Aldo Ortega's Motions to Reconsider Order Referring Case. (Docs. 26 and 35). Plaintiff seeks reinstatement of his claims against all Parole Review Board ("PRB") members. (*Id*.). The Court dismissed the claims against these defendants because they are entitled to absolute immunity for the activities Plaintiff challenges. (*Id*.). For the reasons set forth below, the Motions to Reconsider (Docs. 26 and 35) shall be **DENIED**.

## Background

Plaintiff is a convicted sex offender who was released on parole or mandatory supervised release[1] in December 2013. (Doc. 13, p. 5). He was taken back into the custody of the Illinois Department of Corrections ("IDOC") for violating the conditions of his parole on August 5, 2015.

---

[1] Plaintiff refers to parole and mandatory supervised release ("MSR") interchangeably in the First Amended Complaint. For ease of reference, this Court refers to either basis for release from prison as "parole" herein. *See People v. Lee*, 979 N.E.2d 992, 1000-01 (Ill. App. Ct. 4th Dist. 2012) (describing distinction between "parole" and "MSR").

1

(Doc. 13, pp. 4-5). The PRB repeatedly rescheduled his parole revocation hearing between August 2015 and September 2016. (Docs. 26 and 35). In the process, Plaintiff's original host site was deemed unsuitable, and no other host site has been approved. (Doc. 13). He remains in IDOC custody. (*Id.*).

Plaintiff filed this civil rights action against several IDOC officials and PRB members for allegedly conspiring to violate his rights under the Fourth, Eighth, and Fourteenth Amendments and Illinois state law. (Doc. 13, pp. 2, 17-19). The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed with a Fourteenth Amendment procedural due process claim against the IDOC Director (John Baldwin) and PRB Chair (Craig Findley), in their official capacities for injunctive and declaratory relief. (Doc. 18). Plaintiff was also allowed to proceed with a Fourteenth Amendment substantive due process claim and an Eighth Amendment excessive confinement claim against the individual defendants who rejected his proposed host site and offered no assistance in locating, screening, or approving any alternative sites, including John Baldwin, Craig Findley, Connie Halliday, Britney Hudleston, David Rains, and Randy Moss. All other claims were dismissed without prejudice. (*Id.*).

**Motions for Reconsideration**

Plaintiff filed two Motions to Reconsider Order Referring Case within twenty-eight days of entry of that order. (Docs. 26 and 35). Both motions consist primarily of case law excerpts with little discussion. Although it is difficult to define the exact parameters of Plaintiff's objections to the Court's Order Referring Case, it is clear that he seeks reinstatement of his claims against all PRB members. Plaintiff argues that they are not immune from suit for their arbitrary decisions to delay his final parole revocation hearing until September 2016, their refusal to declare him a parole violator, and their refusal to release him for lack of a suitable host site. (*Id.*).

2

**Discussion**

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 F. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A Rule 59(e) motion must be filed within twenty-eight days of the order being challenged. Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 F. App'x at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995); *see also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988) (internal marks omitted) (describing a Rule 60(b) ruling as "discretion piled upon discretion")). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. Plaintiff's motions are considered timely under Rule 59(e).

However, Plaintiff is not entitled to relief. He describes no manifest error of law or fact or newly-discovered evidence that warrants reinstatement of his claims against the PRB members. Plaintiff challenges their decision to repeatedly reschedule his final hearing, to deny his request to be deemed a parole violator, and to deny parole based on the lack of a suitable host site. But these

3

are not the types of functions that would subject PRB members to liability for money damages under Section 1983. PRB members are accorded absolute immunity for these activities. *See Wofford v. Walker*, 464 F. App'x 533, *2 (7th Cir. 2012) (citing 730 ILCS §§ 5/3-3-1(a), 5/3-3-9(a)). The Seventh Circuit has repeatedly held that "parole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole." *Walrath v. United States*, 35 F.3d 277, 282 (7th Cir. 1994) ("Absolute immunity protects board members not only for the decision to revoke . . . supervised release, but the board members' actions that are 'part and parcel' of the decision-making process."); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996) (decisions regarding scheduling, notice, and conduct of MSR revocation hearings "strike at the heart of the adjudicative function" that PRB members perform). Given controlling precedent, the Court cannot reinstate the claims against the PRB members or, for that matter, any other defendants dismissed from this action.[2]

To the extent Plaintiff seeks reinstatement of any other claims that were dismissed at screening, his request is denied. The Court refers Plaintiff back to the Order Referring Case for each of the reasons his claims were dismissed at screening and adopts them, once again, herein. He has identified no other manifest error of law or fact, excusable neglect, or otherwise, that warrants relief at this time under Rule 59 or 60.

---

[2] IDOC officials are not responsible for overseeing the parole process (including revocation hearings) and are accorded absolute immunity for "activities that are 'inexorably connected with the execution of parole revocation procedures.'" *See Walrath*, 35 F.3d at 282. *See also Webb v. Godinez*, No. 14-CV-10281, 2017 WL 2653142 (N.D. Ill. 2017) (finding that the revocation of parole for lack of suitable housing was "clearly quasi-judicial in nature and therefore easily f[ell] under the umbrella of absolute immunity") (citing *Willis v. Prisoner Rev. Bd.*, 2014 WL 2467708, at *2 (N.D. Ill. June 6, 2013)); *Thompson v. Duke*, 882 F.2d 1180, 1183, n. 3 (7th Cir. 1989) ("We . . . do not think that a significant distinction exists between the duties performed by those defendants who are members of the Department of Corrections and those defendants who are members of the Prison Review Board."); *Murdock v. Walker*, 2014 WL 916992, *8 (N.D. Ill. Mar. 10, 2014) (finding that IDOC employees cannot be held liable for alleged constitutional violations during parole revocation hearings).

4

With that said, Plaintiff is not without recourse. Several of his claims survived preliminary review under 28 U.S.C. § 1915A, and all other claims were dismissed *without* prejudice. In the Order Referring Case, the Court explained that Plaintiff was free to re-plead the dismissed claims in this action or in a separate action. Plaintiff subsequently filed a Motion for Leave to Amend Complaint (Doc. 70), and the Motion for Leave to Amend will be addressed in due course.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Reconsider Order Referring Case (Docs. 26 and 35) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 1, 2019**

> s/ MICHAEL J. REAGAN
> **Michael J. Reagan, Chief Judge**
> **United States District Court**