IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALDO ORTEGA,

      Plaintiff,

vs.

CONNIE HALLIDAY
DAVID RAINS, RANDY MOSS
CRAIG FINDLEY,
JOHN BALDWIN, and BRITNEY
HUDLESTON,

      Defendants.

Case No. 3:17-CV-1091-NJR-GCS

## MEMORANDUM AND ORDER

SISON, Magistrate Judge:

### I. FACTUAL AND PROCEDURAL BACKGROUND

Currently before the Court are Plaintiff Aldo Ortega's motion for permission for leave to amend (Doc. 70) and motion for joinder of parties (Doc. 71). Specifically, Ortega seeks leave to add defendants already dismissed from the case and add additional parties and claims. Defendants oppose the motion. Based on the following, the Court denies the motions.

Ortega is a convicted sex offender who was released on parole in December 2013. Thereafter, he violated the conditions of his parole and was returned to the Illinois Department of Corrections ("IDOC") on August 5, 2015. The Prison Review Board ("PRB") rescheduled his parole revocation hearing multiple times between

August 2015 and September 2016. During this time, Ortega's original host site (his parents' house) was deemed unsuitable, and no other host site had been approved. Ortega remains in IDOC custody.

Ortega sued the PRB and several IDOC officials for conspiracy to violate his rights under the Fourth, Eighth, and Fourteenth Amendments and Illinois state law. The Court screened his first amended complaint and allowed Ortega to proceed with a Fourteenth Amendment procedural due process claim against IDOC Director John Baldwin and PRB chairman Craig Findley, in their official capacities for injunctive and declaratory relief (Doc. 18). Also, the Court allowed Ortega to proceed with a Fourteenth Amendment substantive due process claim and an Eighth Amendment excessive confinement claim against the individual defendants, John Baldwin, Craig Findley, Connie Halliday, Britney Hudleston, David Rains, and Randy Moss, who rejected his proposed host site and offered no assistance in locating, screening, or approving any alternative sites.

The following defendants were dismissed without prejudice for failure to state a claim upon which relief can be granted: Donald Shelton, Arthur Mae Perkins, Pete Fisher, Tracey Buckley, D. Wayne Dunn, Vonetta Harris, William Norton, Kenneth D. Tupy, Gary Duncan and Salvador Diaz, who are PRB members; Ann Lahr, who is an employee of the Administrative Review Board; and Ernest W. Vonzant II, Kacey Redman, April Wampler and R. Erickson, who are IDOC employees. Further, the Court dismissed without prejudice Count 4 – Equal Protection, Count 5 – Search,

Seizure, Arrest and Count 6 Conspiracy.

Ortega filed two motions: one seeking permission for leave to amend and one requiring the joinder of parties (Docs. 70 & 71). Defendants oppose both motions (Doc. 73).

## II.   ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given when justice so requires. The Seventh Circuit recognizes "the complaint merely serves to put the defendant on notice and is free to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.,* 883 F.2d 1297, 1298 (7th Cir. 1989). The decision to grant a plaintiff leave to further amend a Compliant under Rule 15(a)(2) is within the sound discretion of the Court. *See Pugh v. Tribune Co.,* 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works,* 125 F.3d 468, 480 (7th Cir. 1997). However, leave to amend may be denied for several reasons including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n,* 388 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004); *Forman v. Davis,* 371 U.S. 178, 182 (1962); *Orix Credit Alliance,* 125 F.3d at 480. *See also Knapp v. Whitaker,* 757 F.2d 827, 849

(7th Cir. 1985)(stating that the court should consider prejudice to non-moving party). A court may also deny leave to amend if the proposed amendment would be futile, meaning it would not survive a motion to dismiss. *See Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008); *Crestview Village Apts. v. U.S. Dep't of Housing & Urban Dev.,* 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation Inc.,* 377 F.3d at 687 n.3 (collecting cases).

Section 1915A directs the District Court to screen complaints filed by prisoners and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A

In his proposed amended complaint, Ortega attempts to reassert his claims against PRB members, Shelton, Dunn, Tupy, Duncan, Buckley, Diaz, Norton, Harris, Fisher and Perkins, and reinstate claims against IDOC employees Vonzant, Erickson and Wampler, as well as Ann Lahr of the Administrative Review Board. The claims against these individuals were dismissed without prejudice. Ortega also seeks to add claims against four new defendants, Joseph Pate, Tanya Ford, E. Akpore and Michelle Neese.

As to the individuals previously dismissed from the case without prejudice, the Court denies Ortega leave to amend his complaint to restate claims against them. This is because the proposed amendment would be futile in that it would not survive

a motion to dismiss. On March 1, 2019, then Chief Judge Michael J. Reagan issued a Memorandum and Order denying Ortega's motions for reconsideration (Doc. 98). In that Order, Judge Reagan held: "[g]iven controlling precedent, the Court cannot reinstate the claims against the PRB members or, for that matter, any other defendants dismissed from this action." (Doc. 98, p. 4, footnote omitted). Specifically, Judge Reagan noted that the actions taken by the PRB members as alleged by Ortega were not the type of functions that would subject the PRB members to liability. (Doc. 98, p. 4). In fact, they were accorded absolute immunity for such activities. *Id.* Likewise, Judge Reagan noted that the IDOC employees dismissed from the action could not be reinstated because they were to be "accorded absolute immunity for 'activities that are inexorably connected with the execution of parole revocation procedures.'" (Doc. 98, p.4 n.2 ). Based on that reasoning and the reasoning set forth by Judge Reagan in the original referral order dismissing Ortega's claims (Doc. 18), the undersigned finds that Ortega is not allowed to amend his complaint.

Likewise, the Court denies Ortega's motion to amend his complaint to add claims against new parties. Specifically, Ortega moves to add claims against Joseph Pate, Tanya Ford, E. Akpore and Michelle Neese. First, as to Pate and Akpore, the Court finds the allegations directed at these two individuals are insufficient to state claims against them. Ortega's allegations are nothing more than conclusory allegations and do not support a conspiracy, due process or Eighth Amendment claim.

The Court likewise finds the same applies to Ford. Ortega seeks to add Ford

as a defendant because she had the same or similar responsibilities as Halliday, that she refused to process his parole plan and she jointly participated with Pate to issue a warrant without cause. The allegations against Halliday, which survived review, are different than those lodged against Ford. The Court allowed a due process claim and an Eighth Amendment claim against Halliday because Halliday "repeatedly rejected Plaintiff's proposed host site." Ortega's proposed amended complaint does not allege such allegations against Ford nor does it contain facts sufficient to support a conspiracy claim.

Finally, the proposed amended complaint does not contain specific allegations regarding actions taken by Warden Neese with respect to Ortega. Warden Neese cannot be held liable simply because she was in charge.

### III. CONCLUSION

Accordingly, the Court **DENIES** the motion for permission for leave to amend (Doc. 70) and the requested joinder of parties (Doc. 71).

**IT IS SO ORDERED**.

DATED: May 3, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.05.03 12:07:15 -05'00'

Gilbert C. Sison
United States Magistrate Judge